UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.

LOLA BRYANT,

    Plaintiff,

vs.

WALMART, INC., a Foreign for Profit
Corporation.,

    Defendant.

_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, Walmart Inc. ("Defendant"), by and through its undersigned counsel, and pursuant to *28 U.S.C. §§ 1332, 1441, 1446(b)(3)* and *Rule 81(c)* of Federal Rules of Civil Procedure, files this Notice of Removal, removing to this Court the action filed in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 2021-026548 CA (06), with full reservation of rights, exceptions and defenses, and in support thereof states:

**I.   Factual Background**

1. On or about December 08, 2021, Plaintiff commenced this action by filing a Complaint against Walmart Inc., in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida. See Complaint attached hereto as **Exhibit "A."** The Complaint was served on Walmart on or about December 16, 2021. See affidavit of service attached hereto as **Exhibit "B."**

2. Plaintiff Lola Bryant allege a claim for negligence against Walmart in Count I of the Complaint, for injuries she allegedly sustained on or about September 27, 2020, while in the Walmart premises located at 33501 S. Dixie Highway, Florida City, 33034.

3. Plaintiff alleges that at all times material she was a resident of Miami-Dade County, Florida. *See* Complaint, ¶ 2.

4. Walmart Inc. is a Delaware corporation and maintains its principal place of business in Bentonville, Arkansas. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as **Exhibit "C."**

5. On June 22, 2022, Plaintiff responded to Walmart's First set of interrogatories, specifically those delineating Plaintiff's medical expenses, was the first occasion from which Walmart could genuinely ascertain that the case had become removable. Plaintiff alleged that as a direct result of her slip and fall incident she has incurred a medical bill of $183,879.79 - far in excess of the $75,000.00 jurisdictional minimum for this Court. *See* Plaintiff's Notice of Service of Answers to Defendant's First Set of Interrogatories to Plaintiff, attached hereto as **Exhibit "D."**

6. Therefore, this Court has jurisdiction over this matter, and it is removable based on diversity of citizenship of the parties because Plaintiff and Walmart are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interest, attorney's fees, and costs.

7. Venue is proper in this Court because the State court where Plaintiff filed her Complaint, the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, is located in the city of Miami-Dade, Florida, which is within this court's jurisdiction.

8. All State court documents are attached as Composite **Exhibit "E."**

9. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. Removal is Timely

10. In accordance with *28 U.S.C. § 1446(b)(3),* Walmart filed its Notice of Removal on July 20, 2022, within thirty (30) on which it received Plaintiff's response to Walmart's

interrogatories. Plaintiff's response to Walmart's interrogatories are the first documents setting forth an amount in controversy in excess of the statutory requirement, $75,000.00, under *Section 1446(b)(3)*, the thirty-day period commenced on June 23, 2022, when Plaintiff responded to Walmart's first set of interrogatories.

11.     The statute governing the procedure for removal of civil actions states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *28 U.S.C. § 1446(b)(1)*.

12.     However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. (emphasis added); see *Katz*, 2009 WL 1532129, at *4 (noting "a district court may consider the complaint and any later received paper from the Plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand") (emphasis added). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." Id. (citing *Williams v. Best Buy Co*., 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp*., 216 F.3d 945, 949 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp*., 216 F.3d 945, 949 (11th Cir. 2000)).

**III.     There is Complete Diversity Between the Parties**

13.     In accordance with *28 U.S.C. § 1332(a)(1)*, "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between— (1) citizens of different States…." This action satisfies the complete diversity of citizenship requirement of *28 U.S.C.§ 1332(a)(1)*.

**A.     Citizenship of Walmart**

14.     For purposes of *28 U.S.C.§§1332 and 1441*, a corporation is deemed to be a citizen of the State in which it is incorporated and of the State of its principal place of business. *28 U.S.C.§133 2(c)*. Walmart, Inc. is and was a Delaware corporation, with its principal place of business in Arkansas. Walmart Inc. is a publicly traded company on the New York Stock Exchange and traded under the symbol WMT. No publicly traded entity owns more than 10 % of Walmart Inc. Hence, Defendant is a citizen of only Delaware and Arkansas.

**B.     Citizenship of Plaintiff Lola Bryant**

15.     Plaintiff was at all times material a resident of Miami-Dade County, Florida. See Complaint, ¶2. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at *3 (S.D. Fla. June 1, 2009). Thus, complete diversity exist between the parties.

**IV.     The Amount in Controversy Requirement Has Been Met**

16.     The amount in controversy in this matter exceeds $75,000.00. Although Plaintiff's Complaint does not specify exact amount in controversy, and it first became clear from Plaintiff's response to Walmart's interrogatories that damages in this case far exceed the jurisdictional

minimum in this Court of $75,000.00. Plaintiff's medical bills claim damages that exceed the $75,000.00 jurisdictional minimum for this Court.

17. The medical expenses and procedures that Plaintiff has undergone thus far exceed $75,000.00. See **Exhibit "D**." In addition, Plaintiff's Complaint alleges damages for, among other things, "pain and suffering, disability, physical impairment, disfigurement, inconvenience, lost earnings and loss of earning capacity in the future, loss of capacity for the enjoyment of life, mental anguish, expense of hospitalization, medical, chiropractic, and nursing care and treatment, and aggravation of a previously existing condition, disease, or physical defect. See Complaint, ¶16.

18. Plaintiff's aforementioned representations and documents sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional threshold of this Court. District courts consistently find that the amount in controversy is met where a plaintiff's medical bills exceeded $75,000.00.

19. The Eleventh Circuit has clarified and explained that a defendant removing a civil action pursuant to *§ 1446(b)(3)* shall demonstrate sufficient facts to "unambiguously establish" that removal is proper. *See Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007)*; *see also, Pretka, 608 F.3d at 757-58.* When it is not facially apparent from the complaint that the amount in controversy has been met, a defendant cannot satisfy its burden and "unambiguously establish" removability based on the complaint—rather they must rely on some other document or paper received subsequent to the Complaint. *See Garcia v. Wal-Mart Stores E., L.P., 2014 WL 1333208, at *1 (M.D. Fla. Apr. 3, 2014)*. Indeed, in Lowery, the Eleventh Circuit warned:

> [A] removing defendant's counsel is bound by *Rule 11* to file a notice of removal only when counsel can do so in good faith. We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us-where the defendant, the party with the burden of proof, has only bare pleadings containing

> unspecified damages on which to base its notice without seriously testing the limits of compliance with *Rule 11. Id. at 1184.*

20.     Where it is not clear from the face of the complaint that the civil action is removable, the complaint does not start the clock and removal is timely if filed within thirty days of receipt of a subsequent document revealing the case is removable. *See in Garcia, 2014 WL 1333208, at *5.* For example, in *Garcia*, a negligence action, plaintiff's complaint alleged an amount necessary for state court claim. *Garcia, 2014 WL 1333208, at *1.* Approximately three months later, in response to defendant's request for admissions, plaintiff admitted that her damages exceeded $750,000.00. *Id.* Based upon this admission, the defendant store removed the case to federal court pursuant to *§ 1446(b)(3),* and plaintiff argued in her motion to remand that removal was untimely. Id. The court rejected plaintiff's argument because the allegations of the complaint were insufficient for defendant "to intelligently ascertain that the case was removable." Id. at *5. Rather, "[i]t was only when Plaintiff admitted in discovery that her claim exceeds $75,000, that defendant could satisfy its burden to show that the amount in controversy is more than $75,000." *Id*.

21.     Here, identical to *Garcia*, Plaintiff's Complaint merely alleges that this action is one for damages exceeds the state minimum jurisdictional amount. See Complaint ¶ 1. Further, the other allegations contained in the Complaint are devoid of sufficient facts for Walmart to intelligently ascertain that the amount in controversy had been met and that the case was removable at the time service was perfected on Walmart. Rather, akin to *Garcia*, it was only when Walmart received Plaintiff's response to Walmart first set of interrogatories that it was evident that the action involved damages in excess of $75,000.00. Specifically, Plaintiff stated that the medical expenses she has incurred thus far is in excess of $ $183,879.79.

22.     Therefore, as the court held in *Garcia*, the facts stated herein, and evidence attached hereto sufficiently, conclusively, and unambiguously establish that removal is timely, complete diversity exists, and the amount in controversy exceeds the jurisdictional threshold of $75,000.00, such that this Court to maintain and retain jurisdiction.

**V.     Conclusion**

23.     Walmart has timely filed this Notice of Removal and meets the jurisdictional requirements for removal. Removal of Plaintiff's underlying state court action is proper pursuant to *28 U.S.C. §§ 1332, 1441 and 1446*. Upon filing of this Notice of Removal, Walmart will promptly give written notice of the same to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court.

WHEREFORE, Defendant, Walmart Inc, respectfully requests this Notice of Removal be accepted as adequate under Federal Law, and that Plaintiff's State Court action, Case No. 2021-026548 CA (06), on the docket of the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida be removed from that court to the United States District Court for the Southern District of Florida, Miami-Dade Division and that this Court assume full and complete jurisdiction over the case, issuing all necessary orders along with any other relief that the Court deems just and proper.

[SIGNATURE BLOCK ON THE NEXT PAGE (PG. 8)]

Respectfully Submitted,

By: *s/*  *Michael Olowu*
Darin A. DiBello
Florida Bar No. 957615
Michael Olowu
Florida Bar No.1008215
FASI & DIBELLO, P.A.
150 S.E. 2nd Avenue, Suite 1010
Miami FL 33134
Telephone:305-537-0469
Facsimile:            305-503-7405
dibello@fasidibellolaw.com
olowu@fasidibellolaw.com
perry@fasidibellolaw.com
lopez@fasidibellolaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via Email on this day of 20th July, 2022, to Loreen Kreizinger, Esquire, STEINGER, GREENE & FEINER, P.A., 2727 NW 62nd Street, Fort Lauderdale, FL 33309 (lkreizinger@iniurylawyers.com, bchiapetta@injurylawyers.com, ddavis@injurylawyers.com.

By: *s/*  *Michael Olowu*
　　　　Michael Olowu